```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
KENNETH CULPEPPER,

                        Plaintiff,
                                                MEMORANDUM AND ORDER
            -against-                           21-CV-6552(JS)(LGD)

JANE DOE #1, Correction Officer;
JOHN DOE #2, Cook Officer;
JOHN DOE #3, Kitchen Supervisor;
JOHN DOE #4, Court Officer;

                        Defendants.
-------------------------------------X
APPEARANCES
For Plaintiff:      Kenneth Culpepper, pro se
                    223 Gunther Avenue
                    Bay Shore, New York 11706

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Before the Court is the renewed application to proceed in forma pauperis ("IFP") (see IFP App., ECF No. 15) filed by pro se plaintiff Kenneth Culpepper ("Plaintiff") in relation to his Complaint filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). (See Compl., ECF No. 1.)  For the reasons that follow, the Court GRANTS Plaintiff's IFP Application and DISMISSES the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1), for failure to allege a plausible claim for relief.

BACKGROUND[1]

The Complaint, which contains sparse allegations, was filed while Plaintiff was incarcerated at the Suffolk County Correctional Facility. (See Compl. at 3-4; Not. of Change of Address, ECF No. 13.) In its entirety, the Complaint alleges:

> On 06/07/2021 I was at court all day and denied my halal trays as part of my religion and when I came back to the jail I was denied my halal trays forced to starve and break religious practice by eating food thats not halal. O 07/01/2021 my halal tray came with 5 pieces of raw lamb and I was denied cook food and forced to starve and break my religious practice by eating food thats not halal. On 08/20/2021 I was denied my halal tray and made fun of because of my religious beliefs. Forced to starve and to break my religious beliefs by eating food thats not halal. Which violates my RLUIPA (Koger v. Bryan, 523 F.3d 789, 797 (7th Cir. 2008) RLUIPA is a guarantor of sincerely held religious beliefs. By being placed in a holding cell all day and denied halal trays I was forced to break some of my religious beliefs (Thomas v. Review Bd., 450 U.S. 707, 718, 101 S. Ct. 1425, 1432, 67 L. Ed. 2d 624, 634 (1981) see also Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 (11th Cir. 2004). The Constitution protects 1st amendment right of freedom of religion (Cruz v. Bento, 405, 319, 322, 92 S. Ct. 1079, 1082-83, 31 F. Ed. 2d 263, 268 (1972) (finding that prisoners retain 1st amendment protections, including its directive that no law shall prohibit the free exercise of religion). As being a Muslim I pray five times a day and I eat only halal foods and practice a halal life. See (U.S. v. Seeger,

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> 280 U.S. 163, 185, 85 S. Ct. 850, 863, 13 L. Ed. 2d 733, 747 (1965). Courts are not free to reject religious beliefs because they consider them incomprehensible. Indeed, clergy opinion has generally been deemed insufficient to override a prisoner's sincerely religious beliefs. (Jackson v. Mann, 196 F. 3d 316, 320-21 (2d Cir. 1999) holding that it was the sincerity of a prisoners beliefs and not the decision of the Jewish authorities, that determined whether the prisoner was an adherent of Judaism entitled to a Kosher meal. I live in a country where your free to practice any religion you want and you don't have to worry about being punish for it or disrespected.

(Compl. at 3-5.) As a result, Plaintiff alleges he suffered "mental and emotional distress, anxiety, sleepless nights and depression" for which he seeks to recover a monetary award in the sum of $1 million. (Id. at 4, 6.)

## DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's renewed IFP Application (ECF No. 15) is GRANTED.

II. Consideration of the Complaint Under 28 U.S.C. § 1915

A. Legal Standards

1. 28 U.S.C. § 1915

Section 1915 requires a district court to dismiss an IFP complaint if the action is frivolous or malicious, fails to state

3

a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii); 1915A(b). An action is frivolous as a matter of law when, among other things, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (citation omitted). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obligated to construe the pleadings by a pro se plaintiff liberally and to interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). "But the 'special solicitude' in pro se cases has its limits –- to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief." Wynn v. Regus Mgmt. Grp. LLC, No. 21-CV-3503, 2021 WL 2018967, at *1 (S.D.N.Y. May 17, 2021) (quoting Triestman, 470 F.3d at 475) (cleaned up).

2.   Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Rodriguez v. Shoprite Supermarket, No. 19-CV-6565, 2020 WL 1875291, at *2 (E.D.N.Y. Apr. 15, 2020) (internal quotation marks and citation omitted).

   B.   Application

The Court liberally construes the pro se Complaint as alleging claims under the First Amendment's free exercise clause and under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-2.

   1.   First Amendment Claims

The First Amendment to the United States Constitution provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free

5

exercise thereof." U.S. CONST. amend. I. To state a plausible free exercise claim, a plaintiff "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." Holland v. Goord, 758 F.3d 215, 220 (2d Cir. 2014).[2] "The Free Exercise Clause of the First Amendment extends to prisoners and includes their right to meals that comport with religious requirements." Washington v. McKoy, 816 F. App'x 570, 573 (2d Cir. 2020) (citing Ford v. McGinnis, 352 F.3d 582, 588, 597 (2d Cir. 2003)) (further citation omitted); see also McEachin v. McGuinnis, 357 F.3d 197, 203-04 (2d Cir. 2004) (holding Free Exercise Clause of the First Amendment protects an inmate's right to a diet or food that is consistent with dictates of inmate's faith or religious beliefs).

However, "[i]t is well settled that the periodic or temporary denial of religious meals does not constitute 'substantial' interference with free exercise and is insufficient to establish a First Amendment claim." Lewis v. Zon, 920 F. Supp.

---

[2] Notably, the Second "Circuit has not yet decided whether the substantial burden requirement remains good law after the Supreme Court's decision in Employment Division v. Smith, 494 U.S. 872, 887 (1990). . . ." Brandon v. Kinter, 938 F.3d 21, 32 n.7 (2d Cir. 2019). Given that the Second Circuit has "not yet decided whether a prisoner asserting a free exercise claim must, as a threshold requirement, show that the disputed conduct substantially burdened his sincerely held religious beliefs," Washington v. McKoy, 816 F. App'x 570, 573 (2d Cir. 2020), the Court will continue to apply the substantial burden test. See Ford, 352 F.3d at 592 (assuming without deciding that substantial burden requirement applies).

2d 379, 385–86 (W.D.N.Y. 2013) (dismissing free exercise and RLUIPA claims where inmate alleged he did not receive Kosher meals, on occasion, during transfers between facilities); Flores v. City of N.Y., No. 21-CV-1680, 2022 WL 4705949, at *25 (S.D.N.Y. Aug. 8, 2022) ("[I]ncidents that are isolated, or few in number, involving a denial of religiously-mandated food, do not give rise to a First Amendment claim." (quoting Maldonado v. Westchester County, 2021 WL 356155, at *5 (S.D.N.Y. Feb. 2, 2021), further citation omitted)), report and recommendation adopted, No. 21-CV-1680, 2022 WL 4592892 (S.D.N.Y. Sept. 30, 2022); Tafari v. Annetts, No. 06-CV-11360, 2008 WL 4449372, at *1-2 (S.D.N.Y. 2008) (adopting report and recommendation which found denial of two kosher meals was a "de minimis, not a substantial" interference with a prisoner's free religious exercise), aff'd, 363 F. App'x 80 (2d Cir. 2010); Odom v. Dixion, No. 04-CV-889F, 2008 WL 466255, at *10-12 (W.D.N.Y. 2008) (finding failure to provide a few kosher meals over a five-day period was insufficiently substantial to establish a First Amendment free exercise claim).

Here, Plaintiff's allegation that, on three discrete occasions, he was deprived "halal trays" does not plausibly allege a substantial burden on the exercise of his religion. See Gibson v. Heary, No. 17-CV-272S, 2021 WL 854736, at *6 (W.D.N.Y. Mar. 5, 2021) (dismissing 1983 claims; explaining that "because [plaintiff] asserts that she was deprived of matzah and grape juice

7

a maximum of four times, she has not shown a substantial burden on the exercise of her religion, as required by both the First Amendment and RLUIPA."). Thus, Plaintiff has not alleged a constitutional deprivation; therefore, his Section 1983 claim is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

2. RLUIPA Claims

RLUIPA was intended to provide greater protection than is available under the First Amendment Free Exercise Clause, see Holland, 758 F.3d at 224, and prohibits state and local governments from taking actions that substantially burden the religious exercise of any person unless the government shows that the action constitutes the least restrictive means of furthering a compelling government interest. See 42 U.S.C. § 2000cc-1(a)(1)-(2); see also Holt v. Hobbs, 574 U.S. 352, 356-57 (2015). RLUIPA claims are evaluated under a burden-shifting framework whereby a plaintiff must first demonstrate that the state has imposed a substantial burden on the exercise of plaintiff's religion; the burden then shifts to the state to demonstrate "that the challenged policy or action furthered a compelling governmental interest and was the least restrictive means of furthering that interest." Redd v. Wright, 597 F.3d 532, 536 (2d Cir. 2010) (citing 42 U.S.C. § 2000cc-1(a)). However, a plaintiff's remedies under RLUIPA are limited: there is neither a private right of action against state

8

officials in their individual capacities under RLUIPA; nor does it authorize recovery of damages against state officials in either an individual or official capacity. See Holland, 758 F.3d at 224.

For the reasons set forth above regarding Plaintiff's Fist Amendment claim, Plaintiff has not alleged facts suggesting a substantial burden on the exercise of his religion. (See supra at 5-7.) Moreover, given that Plaintiff has named individuals as the sole Defendants, from whom he seeks to recover a damages award of $1 million, his RLUIPA claims are not plausible. See Washington, 816 F. App'x at 573 ("[M]oney damages are not available under the RLUIPA.") (citing Holland, 758 F.3d at 224. Accordingly, Plaintiff's RLUIPA claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

III. Leave to Amend the Complaint

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted); see also Patel v. NYU Langone Hosps., No. 20-112, 2021 WL 4852426, at *4 (2d Cir. Oct. 19, 2021) (absent a finding of futility, a district court should afford a pro se litigant "at least one opportunity to amend his complaint to cure its shortcomings"). Therefore, Plaintiff is GRANTED leave to submit an Amended Complaint within thirty (30)

days of the date of this Order. In any Amended Complaint, Plaintiff must provide the factual allegations in accordance with the guidance set forth above demonstrating that the Defendants' conduct deprived him of his right to practice his religion.

The Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear "Case No. 21-CV-6552(JS)(LGD)". Further, because the Amended Complaint will completely replace the original Complaint, it must include all factual allegations and claims that Plaintiff seeks to pursue in this case.[3] **PLAINITFF IS ON NOTICE:** If Plaintiff does not timely file an Amended Complaint, Judgment shall enter without further notice and this case will be closed.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP Application (ECF No. 15) is **GRANTED;**

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1);**

---

[3] The Court encourages Plaintiff to consult with the Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. To contact the Pro Se Clinic to make an appointment, Plaintiff may email the Clinic at PSLAP@Hofstra.edu or leave a message at (631) 297-2575.

10

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED LEAVE TO AMEND** his Complaint within thirty (30) days from the date of this Order; **PLAINITFF IS ON NOTICE: Failure to timely file an Amended Complaint will lead to the entry of judgment without further notice and this case being closed;**

**IT IS FURTHER ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith; therefore, IFP status is DENIED for purposes of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record.

                                        **SO ORDERED.**

                                        /s/ JOANNA SEYBERT
                                        JOANNA SEYBERT, U.S.D.J.

Dated:    October 4, 2023
            Central Islip, New York